In the Matter of JACOB BUTTERMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 5, 1944.

*Einar Chrystie* for petitioner.

*Jacob Butterman,* respondent in person.

*Per Curiam.* The respondent was charged with professional misconduct in having executed and filed in the Supreme Court, Kings County, an affidavit containing false statements and in having failed to place his client's case on the calendar despite promises to do so made not only to his client but in a letter to the Grievance Committee of the Association of the Bar after complaint had been made to the latter.

Mrs. Katherine Lynch, the complainant, retained the respondent to prosecute an action for separation against her husband. The respondent thereafter made a motion, on behalf of his client in the above action, for alimony and counsel fee and in

an affidavit in support thereof he stated: " Neither the plaintiff nor any one else in her behalf, or otherwise, has paid me any fee in connection with this case, nor am I to receive any from her in the future."

The motion for alimony and counsel fee was granted in an order dated August 28, 1941, and Mr. Lynch was ordered to pay $5 weekly alimony and $75 counsel fee. He paid $37.50 on account of the counsel fee and also paid $5 weekly to Mrs. Lynch until September, 1942, when he discontinued alimony payments.

The complainant testified that the respondent fixed his fee at $100 and agreed to accept installment payments. She testified that she thereafter paid the fee in full in six payments ranging from $10 to $35 each. In support of that testimony she produced a memorandum book in which she had recorded each payment as made by her. She also testified that after her husband had discontinued his payments of $5 weekly to her, she endeavored unsuccessfully to communicate with the respondent. Thereafter and between October 22, 1942, and January 27, 1943, she wrote five letters to the respondent and did not receive an answer to any of them.

The respondent denied that the affidavit referred to above contained any false statement. He stated that he never fixed his fee at $100 and never accepted any money from Mrs. Lynch in sums totaling $100. He did admit that he had failed to place the case on the calendar but sought to explain such failure by the fact that he had discontinued the practice of the law and had entered another field of endeavor and had overlooked the matter. The respondent also denied receiving any letters from Mrs. Lynch until sometime late in January, 1943. He said these letters were delivered to his former law office and that he did not go there for many months prior to late January, 1943, when he found all the letters. He was shown to have given false testimony in this respect when confronted with a letter dated December 18, 1942, which he wrote to Mr. Lynch and in which he referred to matters contained in Mrs. Lynch's letters (which he at first claimed he did not receive until more than a month after he wrote his letter).

The Referee has found that the reason offered by the respondent for his failure to put the case on the calendar was untrue and that the real reason was the respondent's financial inability to expend the required fee of $20.

On the question of veracity presented by the conflicting testimony of Mrs. Lynch and the respondent, the Referee has found the respondent to be totally discredited. His report contains

the following: " In my opinion the credible evidence and the probabilities point overwhelmingly to the absolute truth of the testimony of the complaining witness and the respondent's total lack of credibility. There is no basis for the claim that Mrs. Lynch perjured herself in testifying that the respondent demanded and received from her a fee of $100, or that she perjured herself in testifying to an interview in which she informed the respondent that she had told Mr. Chrystie of the payment of the $100. As I have stated, and repeat, she is not capable of the wickedness of manufacturing these stories out of whole cloth. It is also clear that the respondent abandoned the interests of his client and testified falsely."

Th evidence fully sustains the finding of the Referee.

The respondent should be suspended for two years, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MARTIN, P. J. (dissenting). I dissent and vote to disbar the respondent. The finding by the Referee that the charge of misconduct has been established is fully sustained by the evidence in the record. In addition, his misconduct in filing the false affidavit has been accentuated by his false testimony in this proceeding.

It should be noted that this is not the first occasion on which the respondent has been guilty of misconduct. The petition alleges that in another matter the respondent had converted to his own use the share of a settlement to which his clients were entitled. It set forth that restitution had been made in full and for that reason the Grievance Committee decided not to press the complaint. The foregoing allegations were not denied by the respondent in his answer.

The respondent should be disbarred.

TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur in *Per Curiam* opinion; MARTIN, P. J., dissents in opinion and votes for disbarment.

Respondent suspended for two years.